February 13, 2024

<u>Via ECF</u>
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Joint Motion to Administratively Close Proceedings*
            <u>*Milagros Franco v. Delta Pi Realty LLC et al.*; Docket No. 1:23-cv-00798 (AS)(JW)</u>

Dear Judge Subramanian:

      Plaintiff, Milagros Franco, and defendants Delta Pi Realty LLC and 23rd Street Jewelry and Hair Corp (collectively, the "Defendants") by and through their respective counsel, respectfully request that Your Honor administratively close the instant proceedings in the above-captioned action to conserve both costs and judicial resources.

      By way of background, this action concerns the inaccessibility of a public accommodation to Plaintiff and other wheelchair users in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*, and analogous state and local laws.  Over the past few months the parties worked with the mediator assigned by the S.D.N.Y Mediation Office to resolve their dispute. The parties' last mediation session was held on Friday January 26, 2024 (attorneys only) and the mediator put forth multiple suggestions to assist with getting the parties to "yes". Over the following week, the parties had directly discussed the mediator's suggestions and on February 2, 2024, the parties reached a settlement in principle (ECF No. 44).  Thereafter the confidential settlement terms were memorialized in a settlement agreement which Plaintiff and Defendants signed, respectively, on February 9th and 12th, 2024.

      As part of the settlement Defendants agreed to perform various modifications to their place of public accommodation and also agreed to pay to plaintiff monetary damages, all of which must be satisfied by January 15, 2025.  Satisfaction of the injunctive and monetary relief are also conditions precedent to the filing of a stipulation of dismissal to enable plaintiff to enforce the terms of settlement without the need to bring a new lawsuit in State court and avoid costly and protracted litigation to enforce the contractual settlement.

      As the Court of Appeals for the First Circuit has noted, "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir.1999); see also *Bernardino v. Barnes & Noble Booksellers, Inc*., 763 F. App'x 101, 103 (2d Cir. 2019) (there is "no jurisdictional significance to [a] docket entry marking [a] case as 'closed,' which ... was made for administrative or statistical convenience.") (internal citations and quotation marks omitted)); *Abreu v. Thomas*, No. 17-CV-01312, 2019 WL 11157245, at *1 (N.D.N.Y. July 19, 2019) ("Administrative closure is a docket management device which allows the removal of cases from the court's docket in appropriate situations" (internal citations and quotation marks omitted)).

"Designating a case [administratively] closed does not prevent the court from reactivating a case either of its own accord or at the request of the parties." *Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) (internal citations and quotation marks omitted). "In no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application." *Lehman*, 166 F.3d at 392 (*quoting In re Arbitration. Between Phila. Elec. Co. v. Nuclear Elec. Ins. Ltd*., 845 F. Supp. 1026, 1028 (S.D.N.Y. 1994)). "Nor is the power to resurrect reserved to the parties. The court, too, retains the authority to reinstate a case if it concludes that the administrative closing was improvident or if the circumstances that sparked the closing abate." *Id.* Consequently, an order administratively closing a case "d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in [its] discretion or at the request of a party, [chooses] either to reactivate it or to dispose of it with finality." *Id*.

In the instant matter, the parties have concluded that it is in their best interest that proceedings be administratively closed. The parties do not anticipate that they will need to re-calendar this action, as it is the experience of counsel for both parties that the parties' awareness that the Court can reactivate the administratively closed case upon request serves as an impetus to the parties to resolve any disputes without Court intervention. Still the ability to re-calendar this action serves a valuable purpose in the event the parties' conferral process fails as plaintiff would be able to enforce the injunctive terms of the parties' settlement agreement without the need to bring a new lawsuit and the consequential cost (in judicial resources, time and expenses) associated with protracted litigation. In such an instance, if either party wishes to withdraw their consent to administrative closure, that party will file a motion to re-calendar with this Court. Moreover, pursuant to the terms of settlement, Defendants will be holding in escrow an executed stipulation of dismissal which they will be permitted to file, after satisfaction of the conditions precedent, thereby resulting in a dismissal of the action.

Based upon the foregoing, the parties respectfully request that the Court grant this joint motion to administratively close proceedings.

Respectfully,

| **PARKER HANSKI LLC** | **MAYYA S. GOTLIB ESQ** |
|---|---|
| By:  /s/ Robert G. Hanski  | By:  /s/ Mayya S. Gotlib  |
| Robert G. Hanski, Esq. | Mayya S. Gotlib Esq |
| *Attorneys for Plaintiff* | *Attorneys for All Defendants* |
| 40 Worth Street, Suite 602 | 1272 Richmond Road |
| New York, New York 10013 | Staten Island NY 10304 |
| Tel  (212) 248-7400 | Tel:  (917) 930-6621 |
| rgh@parkerhanski.com | mgotlibesq@gmail.com |

The Court appreciates the parties' explanation of the reasons why a dismissal with prejudice is not feasible at the present time, despite their settlement agreement. This explanation was not included when the parties previously requested consent for the magistrate judge to take jurisdiction over this case. In light of the parties' explanation, if the parties re-submit their consent form, the Court will execute it. SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 13, 2024